## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| RAYMOND SCOTT ELLIOTT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 1:22-cv-00109 |
| THE PROCTER & GAMBLE U.S. BUSINESS | ) |
| SERVICES COMPANY, | ) |
| THE PROCTER & GAMBLE PAPER | ) |
| PRODUCTS COMPANY, | ) |
| HEIDI BURNETT, | ) |
| JAMES EFTINK, and | ) |
| BRANDON BADER, | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants The Procter & Gamble U.S. Business Services Company and The Procter & Gamble Paper Products Company (collectively the "Corporate Defendants"); and Heidi Burnett, James Eftink, and Brandon Bader (collectively the "Individual Defendants")[1] hereby remove to the United States District Court for the Eastern District of Missouri the action styled *Elliott v. The Procter & Gamble Company, et al.*, Case No. 22CG-CC00164, currently pending in the Circuit Court of Cape Girardeau, Missouri (the "State Court Action"). Defendants remove this case on the ground of diversity of citizenship between Plaintiff and the Corporate Defendants, the only proper defendants. The citizenship of the Individual Defendants should be disregarded because they have been fraudulently joined. In support of their Notice of Removal, Defendants state as follows:

---

[1] The Corporate Defendants and Individual Defendants are collectively referred to as "Defendants."

**I.      THE STATE COURT ACTION.**

1.      Plaintiff Raymond Scott Elliott commenced this action on June 24, 2022, in the Thirty-Second Judicial Circuit Court of Cape Girardeau County, Missouri, by filing his Petition in the case styled *Elliott v. The Procter & Gamble Company*, *et al.*, which is designated as Case No. 22CG-CC00164 ("Original Petition"). The Original Petition listed The Procter & Gamble Company, The Procter & Gamble Paper Products Company, Heidi Burnett, James Eftink, and Brandon Bader as defendants. A copy of the Original Petition as filed with the state court is attached at Exhibit A.

2.      The Original Petition and Summons were served on The Procter & Gamble Company and The Procter & Gamble Paper Products Company on July 15, 2022; on Brandon Bader on July 25, 2022; on Heidi Burnett on August 2, 2022; and on James Eftink on August 3, 2022.

3.      On July 25, 2022, Plaintiff filed an Amended Petition in the State Court Action seeking only to substitute The Procter & Gamble Company as a defendant with The Procter & Gamble Company U.S. Business Services Company ("Amended Petition"). The Amended Petition lists The Procter & Gamble Company U.S. Business Services Company, The Procter & Gamble Paper Products Company, Heidi Burnett, James Eftink, and Brandon Bader as defendants. A copy of the Amended Petition as filed with the state court is attached at Exhibit A.

4.      The Amended Petition and Summons were served on The Procter & Gamble Company U.S. Business Services Company on August 8, 2022.

5. The Amended Petition has yet to be served on the Individual Defendants.[2]

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days after Defendant The Procter & Gamble Paper Products Company was served with the Summons and Original Petition (as well as the Amended Petition).

7. A copy of all process, pleadings, and orders filed in the State Court Action (including all process, pleadings, and orders properly served on Defendants) is attached as Exhibit B, in accordance with 28 U.S.C. § 1446(a).

8. In the Amended Petition, Plaintiff asserts two counts against Defendants under the Missouri Human Rights Act ("MHRA") for gender discrimination, hostile work environment, and constructive termination (Count I) and intentional infliction of emotional distress (Count II). *See* Ex. A, Amended Petition, ¶¶ 10, 61-75.

9. Plaintiff's Amended Complaint incorrectly identifies The Procter & Gamble U.S. Business Services Company as one of Plaintiff's employers. *See* Ex. A, Amended Petition, ¶ 14. Plaintiff's proper employer is The Procter & Gamble Paper Products Company. *See* Ex. C, Declaration of David Russell ("Russell Decl."), ¶ 4.

**II.     JURISDICTION.**

10. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and it is one that may be removed to this Court under 28 U.S.C. §§ 1441 and 1446. Complete diversity of citizenship exists between Plaintiff and the Corporate Defendants, the

---

[2] In filing the Amended Petition, counsel for Plaintiff claims that a copy of the Amended Petition was emailed to counsel for the "corporate defendants." Ex. A, Amended Complaint, pp. 2 and 13. However, counsel for Defendants has yet to receive any such email. In fact, no entry of appearance was ever filed in the State Court Action on behalf of any defendants. *See generally*, Ex. B.

3

only properly-joined Defendants. Further, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. For the reasons set forth more fully herein, Plaintiff's joinder of the Individual Defendants, nondiverse defendants, does not defeat removal.

11. By filing this Notice of Removal, Defendants do not waive any defenses to Plaintiff's allegations or objections to personal jurisdiction, including but not limited to, sufficiency of process, service of process, and jurisdiction.

### III. VENUE.

12. Venue is proper in the United States District Court for the Eastern District of Missouri because the territorial jurisdiction of this Court includes the Thirty-Second Judicial Circuit Court of Cape Girardeau County, Missouri, in which Plaintiff filed his Petition. *See* 28 U.S.C. §§ 105(a)(3), 1441(a) and 1446(a).

### IV. CONSENT TO REMOVAL.

13. All Defendants, whether or not properly served with process, consent to removal. Thus, the consent to removal requirement of 28 U.S.C. § 1446(b)(2)(A) is satisfied.

### V. ALL PROPERLY-NAMED DEFENDANTS ARE DIVERSE.

14. For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(a)(1); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).

15. Plaintiff Raymond Scott Elliott is a citizen of Missouri. Ex. A, Amended Petition, ¶ 1.

16.     A corporation is deemed to be a citizen of the state in which it has been incorporated and the state containing its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

17.     The Procter & Gamble Company U.S. Business Services Company is incorporated under the laws of Ohio and its principal place of business is in Ohio. *See* Ex. D, Declaration of Valerie Obermeyer, ¶ 4. Therefore, The Procter & Gamble Company U.S. Business Services Company is a citizen of Ohio.

18.     The Procter & Gamble Paper Products Company is incorporated under the laws of Ohio and its principal place of business is in Ohio. *Id.* at ¶ 5. Therefore, The Procter & Gamble Paper Products Company is a citizen of Ohio.

19.     The Individual Defendants are citizens of Missouri. *See* Ex. A, Amended Petition, ¶¶ 6-8. However, the Individual Defendants are not proper defendants in this action, but rather have been fraudulently joined to defeat diversity jurisdiction.

20.     A plaintiff fraudulently joins a defendant when "there exists no reasonable basis in fact and law supporting a claim against the resident defendant[]." *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).

21.     Fraudulent joinder occurs "'[w]here applicable state precedent preclude[s] the existence of a cause of action against a defendant.'" *Hill v. Ford Motor Co.*, 324 F.Supp.2d 1028, 1032 (E.D. Mo. 2004) (quoting *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)). "'[I]t is well established that if it is clear under governing state law that the complaint

5

does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.'" *Id.* (quoting *Filla*, 336 F.3d at 810).

22. If a defendant has been fraudulently joined, the court ignores that party's citizenship in determining whether diversity jurisdiction exists. *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983).

23. Here, no reasonable basis in fact and law exists against the Individual Defendants for (1) Plaintiff's gender discrimination, hostile work environment, and constructive termination claims because no individual liability exists under the MHRA, or (2) Plaintiff's intentional infliction of emotional distress claim because that claim is preempted by the MHRA.

24. As amended in 2017, the MHRA expressly excludes from the definition of "employer" any individuals who are employed by the employer. *See* Mo. Rev. Stat § 213.010(8); *see also Huskey v. Petsmart*, No. 18-00813-CV-W-NKL, 2019 WL 122873, at *2 (W.D. Mo. Jan. 7, 2019). Thus, the Individual Defendants cannot be named as defendants in the MHRA claims.

25. Also as amended in 2017, the MHRA provides that it "shall provide the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat § 213.070.2. MHRA preemption turns on whether a plaintiff's "alleged 'injury or damages' arise from an 'employment relationship.'" *Huskey*, 2019 WL 122873, at *2.

26. As more fully explained in the motion to dismiss to be filed by the Defendants, Plaintiff's Amended Petition makes clear that the injuries or damages allegedly flowing from the

intentional infliction claim arose out of the employment relationship.[3] The alleged actions forming the basis of Plaintiff's claims occurred while Plaintiff and the Individual Defendants were employees at Defendant The Procter & Gamble Paper Products Company's facility in Cape Girardeau, Missouri. *See* Ex. A, Amended Petition, ¶¶ 6-9. All of the allegations supporting Plaintiff's intentional infliction claim – that the Individual Defendants "systematically harassed [Plaintiff] based on their sexual-stereotyping and perception that he was insufficiently masculine and/or was homosexual" arise out of actions that occurred at work, on work time, and arose out of the performance of Plaintiff's and/or the Individual Defendants' job duties. *Id.* at ¶¶ 17-19, 30-43, 61-69, 70-75. Indeed, Plaintiff specifically alleges that his intentional infliction claim stems from "employment practices that are illegal under Missouri law" and that the Corporate Defendants are "liable for the conduct of their employees which are committed within the scope of the employment" and that the Individual Defendants were acting as "agents" for the Corporate Defendants. *Id.* at ¶¶ 10, 70-75.

27.     Plaintiff seeks to recover for alleged emotional distress under the MHRA claims and the intentional infliction claim. *Id.* at ¶¶ 69, 75. Because the facts and alleged injuries underlying the intentional infliction claim are completely subsumed within the facts underlying the MHRA claims, Plaintiff's intentional infliction claim clearly arises "out of an employment relationship" with Defendant The Procter & Gamble Paper Products Company, and is

---

[3] The motion will also illustrate that (1) Plaintiff failed to obtain a notice of right to sue for any of the Individual Defendants, and (2) Plaintiff failed to allege sufficient facts to state claims against the Individual Defendants. Therefore, for these additional reasons, no reasonable basis in fact and law exists against the Individual Defendants. *See El-Scari v. Comprehensive Mental Health Servs.*, No. 4:19-00179-CV-RK, 2019 WL 5386489, at *4 (W.D. Mo. Oct. 21, 2019) ("because Plaintiff did not obtain a right-to-sue letter from the MCHR, her MHRA claims must be dismissed"); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

preempted.[4] As a result, there exists no basis in fact or law for the claim asserted against the Individual Defendants, and their citizenship should be disregarded, such that complete diversity exists. *See Huskey*, 2019 WL 122873, at *3 (disregarding citizenship of individual defendant due to MHRA preemption).

28. Additionally, the MHRA provides that a charging party may only bring an action against a party named in the complaint or charge filed with the Missouri Commission on Human Rights ("MCHR"). *See* Mo. Rev. Stat. § 213.111. A person claiming relief under the MHRA must exhaust administrative remedies by filing an administrative complaint "which shall state the name and address of the employer . . . alleged to have committed the unlawful discriminatory practice . . ." Mo. Rev. Stat. § 213.075(1). The purpose of the administrative requirement is to "give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation . . ." *Hill v. Ford Motor Co.*, 277 S.W.2d 659, 669 (Mo. 2009) (en banc).

29. Nowhere in his Charge or the Notice of Termination Letter sent by the MCHR are Defendants The Procter & Gamble U.S. Business Services Company, Bader, or Eftink mentioned by name. *See generally* Exhibit E, Charge of Discrimination and Notice of Termination Letter. Plaintiff also does not name Defendant Burnett as an "Employer" in his Charge, nor is Defendant Burnett's name included on the Notice of Termination Letter. *Id.* Thus, Plaintiff did not exhaust his administrative remedies with respect to Defendants The Procter & Gamble U.S. Business Services Company, Burnett, Bader, or Eftink and he may not proceed against them in

---

[4] In a case that pre-dates the 2017 MHRA amendments that eliminated individual liability and added the express preemption provision, the Missouri Supreme Court held that the MHRA "supersedes and displaces . . . common law claims" when the MHRA "fully provides for all remedies available at common law." *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 28 (Mo. 2018). For this additional reason, the intentional infliction claim is entirely preempted by the MHRA.

this action. *See Moore v. Helget Gas Prod., Inc.,* No. 4:14-CV-1292 CEJ, 2014 WL 6632342, at *4 (E.D. Mo. Nov. 21, 2014).

**VI.     AMOUNT IN CONTROVERSY MEETS THE THRESHOLD.**

30.     Diversity jurisdiction requires that the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

31.     The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether a fact finder might legally conclude" that the plaintiff's damages are greater than $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002). Defendants need only establish by a preponderance of the evidence that Plaintiff could stand to recover over $75,000 if he were to prevail, not that Plaintiff would be awarded more than that amount. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir. 2011). Once Defendants have satisfied this burden, Plaintiff may defeat federal jurisdiction only if it appears to "a legal certainty" that the claim is really for less than the jurisdictional amount. *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994); *Kopp*, 280 F.3d at 885; *see also Schubert*, 649 F.3d at 822-23.

32.     Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

9

33. Courts consider economic and non-economic compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

34. Here, Plaintiff's alleged damages for his MHRA claims include "lost pay and benefits, physical and emotional pain, suffering and humiliation, inconvenience, mental anguish, loss of consortium, and loss of enjoyment of life." Ex. A, Amended Petition, ¶ 69.

35. In addition, Plaintiff seeks the following relief: "(a) An order from the Court reinstating him to his former position with the P&G defendants, with full seniority and associated rights, and without any discipline relating to the false charges with which he was harassed; (b) An order enjoining retaliation against Elliott; (c) A judgment for lost income and other compensatory damages resulting from Elliott's constructive termination; (d) A judgment for punitive damages in a fair and reasonable amount to deter defendants and others from such future conduct; and (e) A judgment awarding Elliott the costs of this action, prejudgment interest and reasonable attorney fees." *Id.* at WHEREFORE paragraph of Count I.

36. Plaintiff's alleged damages for his intentional infliction claim includes "severe emotional distress resulting in bodily harm." *Id.* at ¶ 75.

37. In addition, Plaintiff seeks for the following relief: "(a) A judgment for compensatory damages resulting from defendants' intentional infliction of emotional distress on plaintiff; and (b) A judgment for punitive damages in a fair and reasonable amount to deter defendants and others from such future conduct." *Id.* at WHEREFORE paragraph of Count II.

38. At the time Plaintiff voluntarily retired (July 5, 2021), Plaintiff was paid $28.66/hour (or approximately $59,612 annually). Ex. C, Russell Decl., ¶ 5. Thus, in the 13 months since his employment ended, Plaintiff has incurred about $66,491.20 in alleged lost earnings.

39. In considering complaints under the MHRA, federal courts in Missouri have "legally conclude[d] that the jurisdictional minimum has been met," even when the compensatory damages are less than $75,000, when other damage categories are considered. *See e.g. Polites v. Home Depot U.S.A., Inc.*, No. 4:13CV143 CDP, 2013 WL 2420674, at *2 (E.D. Mo. June 3, 2013) (denying motion to remand, even though the plaintiff's compensatory damages were only $44,000, as combination of claims for compensatory, emotional, and punitive damages, along with attorneys' fees, would clearly permit finder of fact to potentially award "well in excess of the $75,000 threshold"); *see also White v. United Parcel Serv.*, No. 4:11CV00707 AGF, 2012 WL760936, at *3 (E.D. Mo. Mar. 8, 2012) (concluding the combination of $35,000 in alleged compensatory damages with alleged emotional and punitive damages was sufficient to meet the jurisdictional minimal requirement); *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1080 (W.D. Mo. 2014) ("Defendant is correct that punitive damages and statutory attorney fees may be considered in calculating the amount in controversy").

40. With Plaintiff's other claimed damages, specifically including emotional distress damages, punitive damages, and attorneys' fees, the amount in controversy easily exceeds $75,000. *See, e.g., Diaz v. Autozoners, LLC*, 484 S.W.3d 64, 87 (Mo. Ct. App. E.D. 2015) (affirming emotional damages award under the MHRA for $75,000); *Wilkins v. Board of Regents*

11

*of Harris-Stowe State University*, 519 S.W.3d 526 (Mo. Ct. App. E.D. 2017) (affirming award of punitive damages totaling $3,500,000); *Trickey v. Kaman Inds. Tech. Corp.*, 705 F.3d 788, 798 (8th Cir. 2013) (affirming the district court's attorneys' fees award of $201,375.50).

41. Considering the ***combination*** of Plaintiff's potential claims for lost wages, emotional distress damages, punitive damages, attorneys' fees, and his claims for other relief (e.g., reinstatement) it is clear a fact finder might legally conclude Plaintiff's damages exceed $75,000. Accordingly, Defendants have demonstrated that the amount on controversy exceeds $75,000.

**VII.  COMPLIANCE WITH PROCEDURAL REQUIREMENTS.**

42. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cape Girardeau County, Missouri.

43. Pursuant to Local Rule 2.03, Defendants will file proof with this Court that the Notice to the Circuit Clerk was sent to the Clerk for the Circuit Court of Cape Girardeau County, Missouri.

44. A complete copy of all process, pleadings, orders and other documents on file in the State Court Action, including the current docket sheet, are attached to this Notice in accordance with Local Rule 2.03.

45. Pursuant to 28 U.S.C. § 1446(d), Defendants will provide a Notice to Plaintiff, stating that a Notice of Removal to the United States District Court for the Eastern District of Missouri was filed, and serving a copy of this Notice of Removal upon Plaintiff.

46. Pursuant to Local Rule 2.02, a Civil Cover Sheet and Original Filing Form are filed as attachments to this Notice.

47. Defendants reserve any and all defenses to the claims alleged by Plaintiff.

**VIII. CONCLUSION.**

48. For the foregoing reasons, removal of this case is proper under 28 U.S.C. §§ 1332, 1441 and 1446.

WHEREFORE, having fulfilled all statutory requirements, Defendants remove the above-captioned matter to this Court from the Circuit Court of Cape Girardeau County, Missouri, and request the Court to assume full jurisdiction over the matter as provided by law and to permit this action to proceed before it.

Respectfully submitted,

*/s/ Jeffrey D. Hanslick*
Jeffrey D. Hanslick #46693
Direct: 816.627.4408
E-Fax: 816.817.2517
jhanslick@littler.com
Dylan M. Long #68217
Direct: 816.627.4404
dlong@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2022, the above and foregoing was filed using the Court's e-filing system, which will send notice of same to the following counsel of record:

Sherrie A. Hall
Workers Rights Law Firm LLC
2258 Grissom Drive
St. Louis, MO 63146
sherrieworkersrights@gmail.com

**ATTORNEY FOR PLAINTIFF**

/s/ Jeffrey D. Hanslick
**ATTORNEY FOR DEFENDANTS**